## Case No. 15,361.

### UNITED STATES v. HIGHLEYMAN.

[22 Int. Rev. Rec. 138; 8 Chi. Leg. News. 244.]

District Court, W. D. Missouri.   1876.

INTERNAL REVENUE COLLECTORS — EXTORTION — SPECIAL TAX.

1. The defendant was an ex-revenue collector; the charge was extortion, and the court dwells specially upon the guilty knowledge which the officer should have, in order to warrant a conviction on the charge of extortion: that by the use of the word "knowingly," something more is meant than what is implied, in the legal presumption that every man must know the law.

2. A person who carries on business, requiring the payment of a special tax, without having paid the same, though violating the law, is not a delinquent within the meaning of the law, of whom, when he makes payment of his tax, mileage can be collected.

[This was an indictment against Samuel L. Highleyman.]

[2] [From 7 Law Rep. 361.]

J. S. Botsford, U. S. Dist. Atty., and M. T. C. Williams, Asst. U. S. Atty.

Horace B. Johnson, George G. Vest, and M. J. Leaming, for defendant.

KREKEL, District Judge (charging jury). The indictment which you are considering, is drawn under section 3169 of the United States statute, and provides that "every officer or agent appointed and acting under the authority of any revenue law of the United States * * * who knowingly demands other or greater sums than are authorized by law, or receives any fee, compensation or reward except as by law prescribed * * * shall be punished," etc. About the defendant having been a revenue officer when he collected the several amounts charged in the indictment as having been illegally collected by him, there is no dispute. The language of the law is, who knowingly demands or receives any greater sum than he is entitled to by law. By the use of the word "knowingly" something more is meant than what is implied, in the legal presumption that every man must know the law. In order to find the defendant guilty of demanding or receiving greater sums than he was entitled to under the law, you should be satisfied that he knew he was violating the law, and the fact that he demanded or received the several amounts charged in the indictment, is not of itself sufficient to sustain the indictment. You must arrive at his knowledge from the facts and circumstances, testified to in the case. The law does not authorize the collection of fines, penalties or cost, from a tax-payer, until he is delinquent. By a delinquent, is meant a tax-payer to whom notice has been given, and demand made of the tax due from him. A person who carries on business requiring the payment of a special tax, without having paid the same, though violating the law, is not a delinquent within the meaning of the law, of whom, when he makes payment of his tax, mileage can be collected. If you shall be satisfied from the evidence, that the defendant. Highleyman, while proceeding through his collection district, either by accident, or on inquiry, learned that the persons named in the indictment were doing business without having paid the special tax required by law, and he collected of them, or undertook, upon payment of the tax, to procure for them their stamps, he was not entitled by law to charge them mileage, and any amount demanded and received by him was illegal. In order to ascertain whether the defendant knew such collections to be illegal, you will carefully consider all said and done by him at the time, as well as afterwards, regarding the collections. The law requires all deputy collectors who collect under distraint warrants, to return such warrants with the amounts collected thereon, including all costs, fines and penalties, to the collector. If you shall find from the evi-

dence either that the defendant had no distraint-warrant at the time of making the collections, or that he failed to return the distraint warrant to the collector as required by law, this is evidence which may be considered by you, in arriving at the knowledge defendant had of the nature of the collection made by him. You will, however, make up your verdict from the whole evidence in the case. You are the judges of the credibility of the witnesses, and it is with you to give what weight you will, to the testimony of every witness. You must be satisfied, without a reasonable doubt of the defendant's guilt. If you have such a doubt arising upon the facts and circumstances testified to in the case, you should acquit. Your duty is to find upon each count of the indictment, guilty or not guilty, except the first, which has been dismissed.

After an absence of about two hours, the jury returned a verdict of guilty on one count, there being four in the indictment.